UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES

v.     405CR59

MARTIN J. BRADLEY III et al.,

Defendants.

## ORDER

This criminal RICO prosecution arises from a prescription-drug-based fraud scheme advanced in varying degrees by eight individual and two corporate defendants. Doc. # 228. The defendants have filed numerous pretrial motions reached by the Magistrate Judge (MJ). Before the Court are joint objections to the MJ's 12/15/05 Report & Recommendation (R&R), which denied several defense motions to dismiss criminal charges. Doc. # 317 (denying doc. ## 93, 101, 111, 113, 115, 256, 257); doc. # 328 (joint defendants' objections).

Defendant Martin J. Bradley Jr. has filed a separate objection to the same R&R. Doc. # 329. He objects to that portion of the R&R (doc. # 317 at 35-42) that denied his motion to dismiss two counts of failing to disclose foreign financial interests. Doc. # 329 (objecting to denial of doc. # 115).

After a careful *de novo* review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. This Court finds that the MJ has researched and addressed each of the defendants' arguments thoroughly, and it agrees with his reasoning. *See* doc. # 317; *see also* doc. ## 328, 329 (defendants mostly re-raise same arguments made before MJ).

The Court will specifically address, however, defendant Martin Bradley III's Objection concerning his motion to dismiss for lack of venue. Doc. # 328 at 3. Bradley moved to dismiss an allegation that he failed to file certain tax forms, arguing that this district is not a proper venue for that charge. Doc. # 93 (motion to dismiss Count 284). The MJ denied that motion, finding that venue is proper for a failure-to-file-tax-form charge in the district where the return was prepared. Doc. # 317 at 29-35. Since Bradley III's accountant, co-defendant Sara Griffin, prepared his returns in Savannah, the MJ held that venue is proper in this district. *Id.*

Bradley III now objects to that recommendation, arguing that the MJ improperly relied on cases discussing "false filings" to determine proper venue when this case involves "failure to file" certain reports. Doc. # 328 at 3-4. Bradley insists that venue in failure-to-file cases lies in either (1) the internal revenue district in which the defendant *resides* or (2) the district where the Secretary of the Treasury designates the form *must be filed*. Doc. # 93. Bradley concludes, then, that venue in this district is improper because he resides in Miami while the relevant tax form (Form 90-22.1) indicates that it was to be filed in Detroit. *Id.*

This Court finds no merit in Bradley III's objection. The MJ relied on, *inter alia, U.S. v. Clines*, 958 F.2d 578 (4th Cir. 1992). That court addressed this same venue challenge in a case involving the identical tax form at issue here -- Form 90-22.1. *Id.* at 583-84. That court rejected the defendant's argument -- that venue was only proper at the defendant's Virginia residence or in Detroit -- and instead held that venue was also proper in the District of Maryland, where the defendant's accountant had

prepared the return. *Id.* Since the incomplete return was completed in Maryland and could have been hand-delivered to the local IRS office there, that court reasoned, venue was proper in Maryland. *Id.*

Here, the MJ applied the same reasoning from *Clines* to find that venue is proper in Savannah, where the return was prepared and could have been filed (with the local IRS office). Doc. # 317 at 33-35. The Court finds no fault in the MJ's reliance on that well-reasoned case.

Finally, Bradley III contends that the MJ's R&R raises "constitutional concerns," as its holding suggests that venue would be proper in *any* judicial district with an IRS office. Doc. # 328 at 4. The defendant's constitutional interest in having a trial near the situs of his crime is reflected in F.R.Cr.P. 18, which requires the government to "prosecute an offense in a district where the crime was committed." *See also* U.S. CONST. ART. III, § 2, cl. 3; *U.S. v. Cores*, 356 U.S. 405, 406 (1958). Bradley's alleged crime was committed, at least in part, in Savannah, where his accountant prepared his reporting form. Prosecuting him here therefore raises no constitutional concerns. *See also Clines*, 958 F.2d at 583-84.

Accordingly, the Court **ADOPTS** the Magistrate Judge's Report & Recommendation (doc. # 317) as the opinion of this Court. Therefore, the defendants' Objections (doc. ## 328, 329) are **OVERRULED**, and their motions to dismiss (doc. ## 93, 101, 111, 113, 115, 256, 257) are **DENIED**.

This 5 day of January, 2006.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA