UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES

v.                                    405CR59

MARTIN J. BRADLEY JR. et al.,

Defendants.

## ORDER

This criminal RICO prosecution arises from a prescription-drug-based fraud scheme advanced in varying degrees by eight individual and two corporate defendants. Doc. # 228. The defendants have filed some final motions in the days leading up to the 2/21/06 trial.

First, Martin Bradley III has filed a motion to compel the government to make available 600 to 700 boxes of discovery alleged to have been seized by Florida's Medicaid Fraud Control Unit in 12/99. Doc. # 378. Bradley III claims that under *Brady v. Maryland*, 373 U.S. 83 (1963), the government must turn over those boxes because they relate to Larry Pinkoff, an expected government witness in the case. *Id.* ¶¶ 1-2.

The government responds that Bradley's "undisclosed" source is incorrect: all documents *relating to Pinkoff* seized by the Florida Medicaid unit around that date have been made available. Doc. # 381. Any other documents seized by the Florida Medicaid unit, the government states, were seized from entities not related to Pinkoff and thus are not material to this case. *Id.*

Under F.R.Cr.P. 16 and *Brady*, the government must turn over only that evidence which is material to preparing the defense or which the government intends to use in its case-in-chief. The documents sought here do not fall into either of those categories, and

Bradley's suspicion that the boxes contain material documents, based on "information and belief," is not enough to compel government production. *See, e.g., U.S. v. Jordan*, 316 F.3d 1215, 1250 (11th Cir. 2003) ("A general description of the item will not suffice [under F.R.Cr.P. 16]; neither will a conclusory argument that the requested item is material to the defense"). Since neither Rule 16 nor *Brady* compels the production of the documents sought · here, Bradley III's motion is **DENIED**. Doc. # 378.

Second, Martin Bradley Jr. and Sara Griffin each filed a motion in limine seeking to require the government and its witnesses to identify to which defendant a piece of evidence or testimony pertains. Doc. ## 372, 382. They argue that this requirement is necessary to ensure that the jury can consider the case of each defendant individually. *Id.* (citing *U.S. v. Tipton*, 90 F.3d 861, 892-93 (4th Cir. 1996)).

The Court recognizes the importance of making sure the jury gives individualized consideration to each defendant's case. However, it would also be impractical to place a blanket prohibition on all references to "the defendants." Accordingly, the Court prefers to hold these motions in limine *IN ABEYANCE* until the trial. Doc. ## 372, 382.

Finally, the Court notes that it mentioned but did not explicitly adopt the Magistrate Judge's 1/24/06 Report and Recommendation (R&R) in a previous Order. Doc. # 356. That R&R denied defendant Martin J. Bradley Jr.'s motion to be deemed incompetent to stand trial. Doc. ## 277, 288. Bradley Jr. has filed an objection

to that R&R.  Doc. # 386.  After a careful *de novo* review, this Court now ***ADOPTS*** that R&R as the opinion of this Court.  Doc. # 349.

This ___ day of February, 2006.


B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA