FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 OCT 22 AM 11: 07

CLERK_____
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES

v.          405CR059

MARTIN J. Bradley, III, et al.

## ORDER

### I. BACKGROUND

This complex criminal RICO prosecution arises from a prescription-drug-based fraud scheme advanced in varying degrees by eight individual and two corporate defendants. Doc. # 1; # 106 at 2. A jury convicted Martin J. Bradley, Jr., Martin J. Bradley, III, Albert Tellechea and Bio-Med Plus, Inc. (Bio-Med). Doc. ## 738-41. The Government then sought criminal forfeiture but the parties -- including the two Bradley wives -- settled via Court-entered Consent Orders directing $39.5 million in forfeiture and, to that end, appointing a Receiver and Monitor to marshal the defendants' forfeited assets, including Bio-Med and its inventory. Doc. # 598 ("Consent Preliminary Order of Forfeiture"); # 599 ("Order Appointing Receiver and Monitor").

In liquidating Bio-Med, the Receiver has been confronted by Bio-Med's loans to former Bio-Med employees who were tried and acquitted in this case: Sara E. Griffin ($255,357.12), Jose A. Trespalacios ($527,844.11) and Edwin Rivera, Jr. ($335,682.40). She seeks the Court's guidance on that score. Doc. # 925.

### II. ANALYSIS

Moving the Court to determine whether they are entitled to indemnification by Bio-Med (thus, be excused from repaying those loans -- all three "have requested the Receiver to cancel their notes and satisfy their mortgages," doc. # 925 ¶ 7), the Receiver argues that only Griffin *may* be entitled to indemnification (and only for her reasonable legal defense expenses, not automatic 100% loan forgiveness), for which Court approval would be required in any event. Otherwise, it is time for Trespalacios and Rivera to pay up. Doc. # 957 at 2 ¶ 8.

In response, Trespalacios moves the Court to strike the Receiver's motion outright. Doc. # 937. "It is noteworthy," he says, that

> in the Receiver's ... Motion, no mention is ever made of the crucial fact that there is a previously filed and still pending Florida state court action in Miami-Dade County entitled Marta Alfonso, not Individually, but Solely in her Capacity as Receiver Over Martin J. Bradley, III, Martin J. Bradley, Jr. and Bio-Med Plus, Inc., Plaintiff v. Jose A. Trespalacios, Defendant, Case No. 06-24353 CA 06, wherein the very subject matter presented in the Receiver's Motion is also in issue.

Doc. # 937 at 1-2;[1] *see also* doc. # 957 at 2-3

---

[1] "The gravamen of the allegations of the Florida state court lawsuit," he says

> is that Trespalacios is responsible for payment of promissory notes and mortgages purportedly executed in favor of Bio-Med Plus, Inc. that relate to the financing of attorney's fees and costs expended by the defense in the prior criminal proceeding. The state lawsuit also asserts claims against real property located in Miami-Dade County, Florida. In the Receiver's

(the Receiver acknowledges that she "filed an action in a Florida state court against Trespalacios to enforce promissory notes against [him] and to foreclose mortgages on [his] real property in Florida....").

Trespalacios also contends that this Court lacks jurisdiction -- he has been acquitted here, and no other process has since been served upon him -- and the issue should be resolved in the pending state court action in any event. *Id.* at 2. He thus charges the Receiver with duplicative litigation: "Without question ... the Florida state court action addresses the identical issues presented by the Receiver's Motion.... Moreover, the state lawsuit was purposefully filed by the Receiver to collect monies allegedly due on a Florida promissory note, signed in Florida by a Florida resident with all payments, if any, allegedly due in Florida. *Id.* at 5.

Worse, he contends, she in effect seeks an "advisory" opinion from this court on *Florida*-law governed issues. *Id.* at 6; *see also* doc. # 936 and attached supporting exhibits.

And on top of all that, he contends, she failed

> Complaint filed in Florida, no showing has occurred with respect to 28 U.S.C. §§ 754 or 1692 (2006) nor has the Receiver ever claimed in any pleadings, documents or responses that she ever formally complied with either statute. Thus, the only allegations of jurisdiction are found in the state court complaint and assert jurisdiction as being proper in the Florida state court.

Doc. # 937 at 2-3 ¶ 3. Trespalacios says he answered and counterclaimed in the Florida court and invoked defenses under Florida law. *Id.* at 3 ¶ 4.

-- in *both* cases -- to comply with the federal statutory requirements necessary to pursue him in either forum. Doc. # 937 at 5 (citing 28 U.S.C. §§ 754 and 1692).[2]

---

[2] The Ninth Circuit recently explored this area:

> Congress has authorized federal receivers to exercise broad powers in administering, retrieving, and disposing of assets belonging to the receivership. In 28 U.S.C. § 754, Congress has granted receivers authority to protect receivership "property, real, personal or mixed, situated in different districts." Once appointed, in order to preserve his claims, a receiver is to "file copies of the complaint and [the] order of appointment in the district court for each district in which the property is located." By doing so, a receiver obtains "complete jurisdiction and control" over receivership property in any district. *Id.* However, failure to file in any given district within ten days of the receiver's appointment generally "divest[s] the receiver of jurisdiction and control over all such property in that district." *Id.* Section 1692 compliments § 754. It provides that when "a receiver is appointed for property, real, personal, or mixed, situated in different districts, process may issue and be executed in any such district as if the property lay wholly within one district." 28 U.S.C. § 1692.

*S.E.C. v. Ross*, ___ F.3d ___, 2007 WL 2983707 at * 12 (9th Cir. 10/15/07). As for § 1692, it and § 754

> permit the district court to obtain jurisdiction in a district where receivership property is located so long as the receiver has properly filed pursuant to § 754.... [For that matter,] § 1692 extends the territorial jurisdiction of the appointing court to any district of the United States where property believed to be that of the receivership estate is found, provided

2

Trespalacios, joined by Rivera, doc. # 939, therefore urges this Court to strike, if not deny, the Receiver's motion. Doc. # 937 at 11.

Not so fast, argues the Receiver. The debt he owes to Bio-Med is unconditional and in the state court action he raised the indemnification defense "as an afterthought" just "to create the appearance that this issue was being litigated in another forum which had jurisdiction to decide the merits of this 'claim.'" Doc. # 957 at 4. The Receiver does not address the "*Ross*" filing requirements discussed *supra*, n. 2, but instead focuses on the merits. Trespalacios does not assert, she points out,

> that he was an officer, director or employee of Bio-Med, the Receivership entity. Nor has Trespalacios alleged that he served as an officer, director or employee of another company at the request of Bio-Med. Rather, Trespalacios has alleged two bases upon which he asserts he is entitled to indemnification from Bio-Med: (1) that he was an officer and director of Bio-Med "subsidiaries" Dena, Inc. ("Dena") and SeraTech, Inc. ("SeraTech"); and (2) that he was an "agent" of Bio-Med.... Further, Trespalacios asserts that the alleged agency relationship with Bio-Med is a result of: (1) the fact that the Receiver testified that Dena, SeraTech and Bio-Med were "related parties" for audit purposes ... and (2) that Trespalacios was alleged to have participated in a RICO enterprise with Bio-Med....

Doc. # 962 at 1-2. Florida law, she contends, authorizes indemnification only if Trespalacios was a director, officer, employee or agent of Bio-Med, or was serving at Bio-Med's request as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise. *Id.* at 2. Because Trespalacios cites no facts supporting indemnification, she concludes, he is not entitled to it and thus must repay his debt to Bio-Med. *Id.* And no legal authority, she points out, supports indemnification merely for being an officer or director of a Bio-Med *subsidiary*. *Id.*

As for Trespalacios's complaint that the Receiver never mentioned the parallel state court action in her opening motion/brief here, the Receiver cites her disclosure of this matter in her 30-day Reports to this Court (they had gone unfiled at the time Trespalacios filed his brief, and it is apparent that Trespalacios never

---

> that the proper documents have been filed in each such district as required by § 754. As with the nationwide service provision in the Securities Act, where a party has been properly served by the Receiver, the Due Process Clause is satisfied because the party has minimum contacts with the United States as a whole.

*Id.* (quotes, cites and alterations omitted); *see also S.E.C. v. Bilzerian*, 378 F.3d 1100, 1146 (D.C.Cir. 2004) (District court that had appointed receiver to collect assets needed to satisfy judgment obtained in SEC enforcement action had personal jurisdiction over non-resident holder of receivership assets, regardless of whether holder had any other contacts with forum, where receiver had timely filed copy of complaint and appointment order in holder's district and holder had been served with process; so long as filing requirement was met, appointing court's process extended to any judicial district where receivership property was found); *Warfield v. Arpe*, 2007 WL 549467, *4 (N.D.Tex. 2/22/07) (unpublished) ("the requirement that the defendant have minimum contacts with a forum state does not apply in a federal question case in which personal jurisdiction is attained pursuant to a federal statute authorizing nationwide service of process").

3

saw them; this Court has since directed that they be filed, *see* doc. # 1028). Doc. # 957 at 2. She further asserts that

> the Trespalacios state court action does not involve the same subject matter as the Indemnification Motion [that she filed here], save for a defense [there] by Trespalacios and his counsel that was not asserted until after the Receiver filed her Indemnification Motion [here]. The assertion of this defense [in the Florida court therefore] is an obvious attempt by Trespalacios and his counsel to forum shop, and have this indemnification issue decided by a state court judge who they perceive to be more sympathetic to their position.

*Id.* Finally, the Receiver argues, "this Court has jurisdiction over Bio-Med's property, which is the subject of the Indemnification Motion, and Trespalacios has been afforded notice and an opportunity to be heard which is all that due process requires for general unsecured creditors in his position." *Id.* Thus, "this Court does not need personal jurisdiction over Trespalacios to decide the Indemnification Motion." *Id.*

Trespalacios points out, *inter alia*, that of course the Receiver is urging personal jurisdiction over him (since both actions involve the collection of Bio-Med's loan to *him*, and not some standalone (*in rem*) piece of property. Doc. # 965 at 4-6; doc. # 937 at 6. Yet, he is not before this Court anymore, has not been served, and sees no evidence that the Receiver has satisfied 28 U.S.C. §§ 754 and 1692's filing requirements. *Id.* at 5; *see also supra* n. 2.

And, Trespalacios emphasizes, the *Receiver* filed the Florida state court action, not him. Doc. # 937 at 2. That state court action involves questions of Florida state substantive law that touch and concern Florida personal real estate. Moreover, the state lawsuit was purposefully filed by the Receiver to collect monies allegedly due on a Florida promissory note, signed in Florida by a Florida resident with all payments, if any, allegedly due in Florida.

*Id.* at 3 ¶ 5. Thus, the Receiver's "forum-shopping" accusation is baseless, and if anything she is trying to misuse this Court for an "advisory opinion" on Florida law. *Id.* at 6. Because the Receiver has purposely invoked the Florida state forum and that state's law, he concludes, this "Court should abstain from any ruling on the Receiver's Motion and instead should strike the Motion in its entirety." *Id.* at 5.

Much has happened since the Receiver filed motion # 925. In fact, this Court has just issued an Order (doc. # 1042) directing the parties to update it on where the Receiver is asset-liquidation-wise, and what specific classes of assets ("exempt" and "non-exempt") are now at stake. It is possible, the Court concluded, that the Receiver *may* have (or soon may have) collected more than all the forfeiture and sentencing obligations (some $72 million) require. If that is the case, then it would be useful to know if it is still prudent for the *Receiver*[3] to continue this pursuit.

Finally, the Ninth Circuit has just comprehensively explored Receivership authority and personal jurisdiction in *Ross*. *See supra* n. 2. The prerequisite statutory provisions are not something to dismiss lightly, and yet Receiver has not fully addressed the debtors' arguments on them.

---

[3] The Receivership thus far has cost more than $2 million. Doc. # 1042 at 11.

4

Within 15 days of the date this Order is served, then:

(1) the Receiver shall update the Court on (a) the status of the aforementioned Florida action, (b) how much she has liquidated/collected to date, and (c) her response to Trespalacios's statutory/jurisdictional arguments in light of *Ross*;

(2) the Government shall state its position on these matters, including whether Griffin is entitled to indemnification (no opposition brief has been filed on this point) and whether this Court's jurisdiction is sound; and

(3) Trespalacios and Rivera (and Griffin, for that matter) may file any updating/response briefs they choose, within 10 days of the date the Receiver and Government briefs are filed.[4]

For the moment, then, the Court *DEFERS* ruling on motions # 925 and # 937.

This 22 day of October, 2007.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[4] All parties are reminded that this Court has adopted its liberal reply brief policy for this case. *See* doc. # 903 at 8.