UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES

v.                          405CR059

MARTIN J. BRADLEY, III, et. al.

## ORDER

In this complex criminal RICO prosecution stemming from a prescription-drug-based fraud scheme, the Court appointed a receiver and a monitor to facilitate the forfeiture of tens of millions of dollars worth of convicted defendants' assets to the United States. *U.S. v. Bradley*, 2008 WL 228064 (S.D.Ga. 1/25/08) (unpublished) (recounting case's history before extending the receivership until defendants' direct appeals are exhausted); doc. # 1107.

The receivership began in 2006, doc. ## 599, 790, and has cost over $2.6 million thus far. Doc. # 1150 (6/6/08 Monitor's Report No. 22 at 9); *see also id.* at 10 (Monitor's costs). In fact, in 2007 the Court expressly noted the Receivership's significant cost and hefty lawyer/accountant fees. *U.S. v. Bradley*, 2007 WL 4224963 at * 1 (S.D.Ga. 11/28/07) (unpublished). The Court later stayed forfeiture-collection of some disputed assets pending appeal. *Bradley*, 2008 WL 228064 at * 8 ("the Movants have worked out a 'standstill' Consent Order . . . essentially locking down moneys and assets pending resolution of the pending appeals in this case"); *id.* at * 14 (implementing it).

Since the receivership began, the Government has consistently certified that it has reviewed the receiver's/monitor's fee applications before moving the Court to approve same. *See, e.g.*, doc. # 1145. Before the Court is its latest compensation-approval motion. Doc. # 1164. Naturally, the Court is concerned about the over $2.6 million incurred thus far. For example, while it appears that the Receiver is attempting to liquidate assets not subject to the stay, it is simply not clear whether these efforts will likely result in any added value.

Within 15 days of the date this Order is served, then, the Receiver and Monitor shall jointly file: (1) a description of the alleged assets that the Receiver is attempting to liquidate and her opinion of the probable success of these efforts; and (2) a summary of the proposed work necessary to maintain the Receivership through the end of this year, including an identification of what work is "cost-benefit" necessary, plus a reasonable estimate of the cost for accomplishing same.

Meanwhile, the Court **GRANTS** the Government's compensation motion. Doc. # 1164. On a miscellaneous note, the Monitor has constantly illuminated a claimed conflict of interest on the part of the Receiver. *See, e.g.*, doc. # 1150 at 11. The Government shall, within the same 15-day period, brief the Court on what, if anything, should be done about it.

This 5 day of September, 2008.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA