UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES

v.                              405CR059

MARTIN J. BRADLEY III, et al.

## ORDER

This Order assumes familiarity with the Court's last Order on the "PDMA-disposal"[1] issue raised in various motions (*e.g.*, doc. ## 875, 946, 1177), and previously analyzed in various orders such as *U.S. v. Bradley*, 2008 WL 4507659 (S.D.Ga. 10/6/08) (unpublished); *U.S. v. Bradley*, 2007 WL 3046516 (S.D.Ga.

---

[1] Under the Prescription Drug Marketing Act (PDMA),

> [e]ach person who is engaged in the wholesale distribution of a drug subject to subsection (b) of this section and who is not the manufacturer or an authorized distributor of record of such drug shall, before each wholesale distribution of such drug ... provide to the person who receives the drug a statement ... identifying each prior sale, purchase, or trade of such drug (including the date of the transaction and the names and addresses of all parties to the transaction).

21 U.S.C. § 353(e)(1)(A). "The PDMA's purpose is to protect the American consumer from tainted pharmaceuticals. The pedigree requirement was created to show where wholesale distributors were obtaining their drugs." *RxUSA Wholesale, Inc. v. Dep't of Health & Human Servs.*, 467 F.Supp.2d 285, 290 (E.D.N.Y. 2006) *aff'd, Department of Health and Human Services v. RxUSA Wholesale, Inc.*, 2008 WL 2699935 (2nd Cir.7/10/08) (unpublished). The *RxUSA* district court addressed a constitutional issue and enjoined an implementing regulation, 467 F.Supp.2d at 296, but essentially said that for public safety reasons everyone, whether an authorized or an unauthorized distributor (like Bio-Med), must prove a drug's pedigree at least as far back to the authorized distributor through which the drug passed. Doc. # 903 at 7.

10/17/07) (unpublished); doc. ## 903, 909.

In its last Order on the topic, the Court noted the Bradley shareholders' "powerful assertions" about the Receiver's efforts to sell the "PDMA" drug inventory at issue here. *Bradley*, 2008 WL 4507659 at * 2. It thus directed the Government and the Receiver to file response briefs. *Id.* "Meanwhile," the Court continued,

> the Bradleys are invited to brief the Court on how they might find a buyer and thus foment a sale that complies with all applicable law. If the Receiver in fact is wasting this asset, then the Bradleys ought to be able to cite to a legitimate disposition method and sale possibility. And they ought to be able to do so within 15 days from the date this Order is served. Otherwise, the Court will be inclined to grant the Receiver's motion.

*Id.* (footnote omitted).

The Receiver and Government have complied and have supplied convincing grounds to destroy the inventory outright. Doc. ## 1190, 1191. The Bradleys, meanwhile, simply continue to seek -- as they have done for many months -- to stay that destruction pending an appeal filed in *2006* that is just now proceeding to oral argument (on 11/19/08). Doc. # 1189.

What the Bradleys fail to do, of course, is "cite to a legitimate disposition method and sale possibility." *Bradley*, 2008 WL 4507659 at * 2. Nor do they offer to absorb the $750/month storage costs for these drugs.

Nor, for that matter, do they proffer any suggestions on what to do about Novis Pharmaceuticals, LLC's motion to "abandon" (which the Court interprets to mean destroy) such drugs left in its possession when it bought a building from the Receiver. *See id.* (deferring ruling on Novis's motion).

The Bradleys have been given a fair opportunity to come up with a convincing alternative here, and they have failed to do so. They do not rebut, for example, the Receiver's assertion that, legalities aside, *no one* can find a buyer for these drugs. Doc. # 1190 at 5. Nor does anyone suggest that a buyer might be found anytime soon. The Court has patiently indulged the Bradleys for some two years now; it is now time to tie up this loose end.[2]

Accordingly, the Court **GRANTS** the Receiver's renewed motion (doc. # 1177) to destroy the "PDMA" inventory and **GRANTS** Novis Pharmaceuticals, LLC's "abandonment" motion (doc. # 1170).[3] Finally, the Court **GRANTS** the unopposed motion (doc. # 1185) of the Receiver for this Court to approve the terms of the real property sale detailed in that motion.

This 24 day of October, 2008.

*[signature]*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] The Bradleys cannot deny that this is a very complex, voluminous case, and the Eleventh Circuit sometimes has taken *years* to finally resolve an appeal. *See, e.g., Moore v. Zant*, 734 F.2d 585 (11th Cir. 1984), *vacated, and later heard en banc, Moore v. Kemp*, 824 F.2d 847 (1987) (en banc), *vacated and remanded for further consideration in light of Teague v. Lane*, 489 U.S. 288 (1989), *Zant v. Moore*, 489 U.S. 836 (1989); *on further consideration, Moore v. Zant*, 885 F.2d 149 (11th Cir. 1989) (en banc), *cert. denied, Moore v. Zant*, 497 U.S. 1010 (1990).

[3] The Receiver shall cooperate with Novis in destroying that particular cache of drugs. It is unclear who rightly should bear that expense. These parties shall settle that question amicably, and only if they in good faith cannot will the Court entertain a follow-up motion.