UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | SUPERSEDING INDICTMENT |
| v. | ) | CR 405 - 59 |
| | ) | |
| MARTIN J. BRADLEY III, et al. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## ORDER

The Court appointed a receiver and monitor to facilitate the execution of this Court's order of forfeiture of tens of millions of dollars worth of convicted defendants' assets to the United States. *U.S. v. Bradley,* 2008 WL 228064 (S.D. Ga. 1/25/08)(unpublished)(recounting case's history before extending the receivership until defendants' direct appeals are exhausted). (Doc. # 1107). According to the Monitor's April 24, 2009 report, funds available from the Receivership to pay forfeiture, fines and restitution ordered by the Court totaled $53,857,955.07 as of February 28, 2009. (Doc. # 1238, p. 5).

In the exercise of his authority, the Monitor refused to approve payments by the Receiver to Rachlin, Cohen & Holtz, LLP ("Rachlin"), of which the Receiver was a partner, for tax services relating to years 2006 and 2007. In response to the Monitor's refusal to approve invoices, the Receiver filed an "Emergency Motion for an Order to Pay Rachlin LLP for Tax Services." (Doc. # 1205). The Court deferred ruling on the Receiver's emergency motion until it received additional briefing from the Receiver and Monitor.

In response to the Court's order, the Monitor filed a detailed explanation which outlined for the Court his refusal to approve payments to Rachlin for the alleged tax services. The Monitor's response was supported by affidavits and other documentation. The Receiver's filing was both untimely and non-responsive.

In an April 7, 2009 Order, the Court made the following findings:

> First, the Receiver's emergency motion [wa]s without merit. Second, since April 2, 2008, the Receiver ha[d] operated under a conflict of interest and, with regard to the Rachlin tax services invoices, ha[d] not acted in the best interest of the Receivership. Third, the Receiver's conflict ha[d] burdened the Receivership not only by enabling an excessive budget overrun and the incurrence of unnecessary expenses, but also by causing additional Receiver's fees, Monitor's fees, and attorneys' fees (which the Receivership has been forced to fund) due to the Receiver's blind pursuit of an interest in conflict with the interests of the Receivership.

(Doc. # 1223, pp. 4-5). As a result of these findings, the Court then "directed [the Receiver] to show cause why she should not be removed as Receiver, and why the Court should not seek to recover any wasted assets." (Id. at 5).

On April 21, 2009, the Court held a show cause hearing, during which both the Receiver and Monitor testified. Nothing presented by the Receiver during the show cause hearing dissuades the Court from the findings made in its April 7, 2009 Order. In fact, the testimony of the Receiver revealed that even after this Court found on April 7, 2009 that the Receiver "had operated under a conflict of interest" with Rachlin, the Receiver and her agents continued to operate under a conflict of interest by inexplicably negotiating an April 15, 2009 agreement

between Rachlin and the Receivership which would afford protection to both Rachlin and the Receiver personally.

Based upon a careful review of the testimony of the Receiver and Monitor; the affidavit and other papers filed by the Receiver on April 16, 2009 (doc. ## 1227, 1228 and 1229); and, the unrebutted affidavits submitted by the Monitor on March 2, 2009 (doc. ## 1213 and 1214):

IT IS HEREBY ORDERED that Marta Alfonso is removed as Receiver due to misfeasance, *nunc pro tunc*. With regard to the Rachlin tax services invoices, the Receiver has operated under a conflict of interest since April 2, 2008; operated against the best interest of the Receivership; and burdened the Receivership with unnecessary expenses.

IT IS HEREBY FURTHER ORDERED that the Monitor, William R. Schroeder of Madison Associates, Inc. shall assume all duties and responsibilities of the Receiver identified in this Court's Orders of April 3, 2006 (doc. # 599) and September 13, 2006 (doc. # 748). In this regard, Marta Alfonso is directed to comply with all requests by William R. Schroeder to assure an orderly and expedited transition of responsibilities and transfer of assets. All provisions of this Court's Orders of April 3, 2006 (doc. # 599) and September 13, 2006 (doc. # 748) not otherwise inconsistent with this order shall remain in effect.

IT IS HEREBY FURTHER ORDERED that, to the extent possible, Mr. Schroeder, as Substitute Receiver, shall recover all fees accrued due to the misfeasance of Rachlin and Marta Alfonso.

IT IS HEREBY FURTHER ORDERED that the fiduciary responsibility for each Receivership asset shall be retained by Ms. Alfonso until such time as she relinquishes possession or control of such asset, cause of action and other right that may exist to Mr. Schroeder;

IT IS HEREBY FURTHER ORDERED that William R. Schroeder shall, within 30 days of the date of this Order, provide the Court with a report on the Receiver transition, which shall include a summary of the remaining duties and responsibilities and an anticipated budget for the next six (6) months.

SO ORDERED, this  29  day of April, 2009.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA